IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **LISA GOODWIN,** | |
| **Plaintiff,** | |
| v. | **Civil Action File No:** |
| **BOVILLA LLC., d/b/a BOJANGLES** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff, Lisa Goodwin ("Goodwin" or "Plaintiff") brings this lawsuit against Defendant, Bovilla LLC, d/b/a Bojangles ("Bovilla", "Bojangles" or "Defendant") seeking relief and damages based on the following:

## NATURE OF THE ACTION

1. This lawsuit concerns Defendant's actions, pertaining to Plaintiff's employment, that violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000e *et seq.* ("Title VII"). Defendant's decision not to promote Plaintiff

1

to the position of assistant manager was motivated by Goodwin's religious beliefs or observances. Defendant's decision not to promote Plaintiff to the position of assistant manager was motivated by a desire to avoid providing her with a reasonable accommodation. As an applicant for the position of assistant manager, Goodwin asked for a reasonable religious accommodation, but Defendant unlawfully denied her request. After making a request for a reasonable religious accommodation concerning the assistant manager position, Defendant not only rejected her application based on unlawful motivations, but it also engaged in acts of retaliatory mistreatment against Goodwin by telling her that she was coming across as a "weak woman" who was being dominated by her religion and that she was allowing her religion to "hold her back." These statements, which were unequivocal expressions of animus towards her religious beliefs and observances, as well as the totality of Defendant's conduct toward Goodwin, were so intolerable that she was compelled to resign. Goodwin seeks, back pay, front pay, lost benefits, compensatory damages, punitive damages, attorneys' fees, and costs of litigation because of Defendant's above-stated conduct which are violations of Title VII.

## THE PARTIES

2. Goodwin is a citizen of the State of Georgia. During the time of the events alleged in this Complaint, Goodwin worked as a shift manager for Bojangles, Defendant's fast-food restaurant located in Temple, Georgia.

3. Defendant is a Georgia limited liability company operating and its principal office is located address at: 208 W. Montgomery St., P.O. Box 310, Villa Rica, Georgia, 30180.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§1331 and 1343.

5. Venue is proper in this district and division under 28 U.S.C.A. §1391 as Defendant conducts business in and the alleged unlawful acts occurred in this district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff Goodwin filed a charge of discrimination against Defendant Bojangles with the Equal Employment Opportunity Commission ("EEOC"), Charge

No. 410-2020-08168, on September 8, 2020. A copy of this charge is attached hereto as Exhibit No. 1.

7. Plaintiff timely files this action within 90 days of the issuance of a Right to Sue Letter, which is attached hereto as Exhibit No. 2.

8. All administrative remedies have been satisfied prior to the filing of this civil action.

## FACTUAL ALLEGATIONS

9. Beginning on or about September 2016, Goodwin began working for Bojangles in Temple, Georgia. Goodwin started out as a cook and cashier, and within two years she rose to the position of a supervisor on her shift.

10. Goodwin was regarded by her store's general manager as an exemplary employee and was told that she had strong potential to move into higher level managerial roles.

11. From the time she joined Bojangles, Goodwin's supervisors became aware that Goodwin is a devout Christian who sincerely holds the religious belief that because Saturday is the seventh day of the week it is the holy day of Sabbath

4

and because Sunday is the day of Christ's resurrection, it too is a sacred and holy day.

12. Goodwin's belief and observance concerning Saturday as a sacred and holy day derives from biblical scripture, Exodus 20:10, which describes that when God revealed the Ten Commandments to the Israelites at Mount Sinai, they were commanded to remember the Sabbath and keep it holy by not doing any work and allowing the whole household to cease from work.

13. Goodwin's belief and observance concerning Sunday as a sacred and holy day derives from biblical scripture, Matthew 28:1-10, Mark 16:1-11, Luke 24:1-12 and John 20:1-18, which references that it was the first day of the week after the Sabbath (i.e. Sunday) that it was discovered that Christ rose from the dead.

14. Goodwin sought and was given permission to take weekends off during the entirety of her employment as a cook, cashier, and shift supervisor with Bojangles. The General Manager in her store was fully aware of the sincerity of Goodwin's religious belief and observances.

15. Within the Bojangles restaurant, an assistant manager is a valued position. Unlike rank-and-file positions, assistant managers are eligible for health

insurance, and bonuses, and they can earn meaningful overtime. The position can eventually lead to a higher paying general manager job at any Bojangles store.

16. Goodwin's general manager gave her no reason to think her insistence on observing her faith on weekends posed any obstacle to a promotion, even specifically telling her it was not an issue on several occasions.

17. Goodwin also observed that the assistant manager position was not a seven day a week job, and an assistant manager at the store was allowed to limit her workdays to only weekends for child-care reasons.

18. In March 2020, after taking some time off from Bojangles, Goodwin was recruited to come back to work for the specific reason of taking on an assistant manager's role.

19. Goodwin's return ended up being delayed when she had to quarantine for Covid-19 exposure, but Goodwin was told by her general manager that the assistant manager's job would be waiting for her.

20. Suddenly, in mid-April 2020, right before her scheduled return, Goodwin was told for the first time that the promotion would require her to work Saturdays, at which time Goodwin reiterated that she was not able to because of her

religious beliefs and observances. A few days later, on her first day back at Bojangles, she was told that the assistant manager's job had been given to another employee.

21. Goodwin's manager assured her that a new, second assistant manager slot was opening in the store soon and that she was the leading candidate to fill it; Bojangles even started a process of formally training her. As such, Goodwin had every expectation her promotion was imminent.

22. In May 2020, Goodwin was told by her general manager that he had been instructed by the district manager that Goodwin could not be promoted because of her unwillingness to work weekends.

23. Goodwin reached out directly to the district manager to clarify her future with the company and was told that if she could not work weekends, she would never be eligible for a promotion to the assistant manager's position.

24. Goodwin was given no explanation why she could not receive the kind of scheduling accommodation another assistant manager received, why her observance of her faith on weekends had suddenly become an impediment to her

promotion, or why the district office was overruling her general manager, who sought to promote Goodwin.

25. During exchanges with the general manager and district manager about her blocked promotion, belittling comments were made to Goodwin concerning her religious convictions. The general manager told Goodwin at one point that she was coming across as a "weak woman" who was being dominated by her religion. The district manager told Goodwin that she was allowing her religion to "hold her back."

26. At no point did Bojangles offer Goodwin any scheduling accommodation that would eliminate the conflict between her observance of her faith and the assistant manager job. Goodwin was informed that the only options Bojangles would consider were her: (1) working one weekend day or (2) having every other weekend off. Either option, of course, would have dictated that Goodwin violate her religious beliefs either every week or every other week.

27. Goodwin resigned as an employee in May 2020 after being belittled because of her faith and being told that Bojangles would not consider her for a promotion she was otherwise qualified for, and had been promised, solely because of her religious observances.

28. Goodwin resigned because the statements made to her were an unequivocal expression of religious animus which were not only intolerably offensive but also reflected a mindset that there was permanent glass ceiling for her with Bojangles because of her religious beliefs.

29. The totality of Defendant's conduct toward Goodwin were so intolerable that she was compelled to resign.

## COUNT I
### (Disparate Treatment – Failure to Promote)

30. Goodwin incorporates by reference all preceding paragraphs of this complaint.

31. As a Christian, Goodwin sincerely holds the religious belief that Saturday and Sunday are sacred days and should be kept holy.

32. Goodwin was qualified for the assistant manager position.

33. Defendant did not select her for the position or rejected her application.

34. Another equally or less qualified employee who did not hold religious observances and practices as Goodwin did, was promoted.

35. Bojangles engaged in an unlawful discriminatory practice by refusing to promote Goodwin, who was otherwise qualified for the promotion she sought, as a result of motivations connected to Goodwin's religious beliefs and observances.

36. As a result of Bojangles' discriminatory conduct, Goodwin lost the pay and benefits of employment associated with the assistant manager position and she has and continues to suffer emotional distress and mental anguish as a result of motivations connected to Goodwin's religious beliefs and observances.

## COUNT II
### (Disparate Treatment – Denial of a Reasonable Accommodation)

37. Goodwin incorporates by reference all preceding paragraphs of this complaint.

38. Bojangles denied Goodwin a reasonable accommodation, concerning the assistant manager position, that she sought and needed because of her sincerely held religious beliefs, observances, or practices.

39. The accommodation she requested would not have imposed an undue hardship on Bojangles' business.

40. Bojangles engaged in an unlawful discriminatory practice by denying Goodwin a reasonable accommodation.

41. As a result of Bojangles' discriminatory conduct, Goodwin lost the pay and benefits of employment associated with the assistant manager position and she has and continues to experience embarrassment, emotional distress, and mental anguish.

## COUNT III
### (Retaliatory Mistreatment)

42. Goodwin incorporates by reference all preceding paragraphs of this complaint.

43. Goodwin engaged in protected activity by making a request for a reasonable accommodation for her religious beliefs and observances so that she could be promoted to the assistant manager position.

44. After engaging in the above-described protective activity, Defendant told Goodwin that she was coming across as a "weak woman" who was being dominated by her religion and that she was allowing her religion to "hold her back."

45. These statements could reasonably dissuade someone from making or supporting a charge of discrimination.

46. As a result of Defendant's retaliatory mistreatment of Plaintiff, Goodwin has and continues to experience embarrassment, emotional distress, and mental anguish.

## COUNT IV
### (Constructive Discharge)

47. Goodwin incorporates by reference all preceding paragraphs of this complaint.

48. After making a request for a reasonable religious accommodation concerning the assistant manager position, Defendant not only rejected her application based on unlawful motivations, but it also engaged in acts of retaliatory mistreatment against Goodwin by telling her that she was coming across as a "weak woman" who was being dominated by her religion and that she was allowing her religion to "hold her back."

49. Goodwin viewed the above-described statements by Defendant as unequivocal expression of animus to her religious beliefs and observances.

50. Goodwin viewed the above-described statement by Defendant as placing a permanent glass ceiling on any possibility to advance with Bojangles beyond the position she was holding.

51. Goodwin viewed the above-described statements as intolerably offensive to her as a Christian woman.

52. Goodwin viewed the totality of Defendants' conduct concerning her religious beliefs and practices so intolerable that she was compelled to resign.

## COUNT V
### (Punitive Damages)

53. Goodwin incorporates by reference all preceding paragraphs of this complaint.

54. The unlawful discriminatory practices alleged herein were done with malice or reckless indifference to the federally protected rights of Goodwin, entitling Goodwin to punitive damages under 42 U.S.C.A. §1981a-(a)(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands a trial by jury and that the following relief be granted:

A. Compensatory damages including but not limited to compensation for emotional distress and mental anguish;

B. Back pay and benefits associated with lost promotional opportunities;

C. Front pay associated with lost promotional opportunities;

D. Punitive damages;

E. Attorneys' fees and costs of litigation;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such other equitable relief as the Court deems just and proper, including directing Defendant to rehire Plaintiff to the position of assistant manager.

Respectfully submitted the 24th day of March, 2021.

**HKM Employment Attorneys LLP**
*s/Artur Davis*
Artur Davis[1]
Jermaine "Jay" Walker
3355 Lenox Rd. N.E., Suite 660
Atlanta GA 30326

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action this same day. Davis is licensed in the state of Alabama and the District of Columbia.

adavis@hkm.com
404-220-9165
jwalker@hkm.com
404-301-4020